Kirik v. Commissioner of Internal Revenue They please the court. My name is David Rothenberg and I represent the appellants who were the petitioners below, Yaroslav and Galina Kirik. This appeal presents a simple question to the court. Did the tax court have jurisdiction to consider the petitioner's motion for reconsideration? In October of 2019, the petitioner's tax court case was dismissed for lack of prosecution. No appeal was taken within the 90 days provided by statute. But in July of 2020, the appellants moved for reconsideration. That motion was brought pursuant to Tax Court Rule 162, which must be made within 30 days, unless the court shall otherwise permit. So in your view, Mr. Rothenberg, that that rule gives a party and the tax court unlimited time to revisit an otherwise final order of the tax court. Is that your view? Well, I'm not arguing an unlimited time, Your Honor, but I am arguing that the time within which we moved is permissible because the tax court rules say, look to the federal rules of civil procedure for guidance. And 60 v. 6 allows a motion within one year. And we did move within one year. So I'm not sure I'm arguing unlimited, but I am arguing within one year. But I guess the statute, the Internal Revenue Code, talks about a decision becoming final within, you know, after 90 days if an appeal is not filed. And so that is not a tax rule. That's a statute. Well, that is correct, Your Honor, except we have to remember that the tax court itself has held that if certain arguments are raised, then they do have jurisdiction to entertain the motion after the 90 days. Their rule is this, to state it as succinctly as possible. If you don't appeal within 90 days, we lack jurisdiction to hear your motion, unless you simply that they have jurisdiction to entertain this motion. But Mr. Rothenberg, excuse me, are you arguing that one of those four things, as you put it, is present in this case? Yes. Which one? Well, no, not one of the four things that the tax court lists. I'm arguing that we have taken it a step further, Your Honor, for the tax court to promulgate, let's say, a rule that doesn't appear in the statute or in its rules. Namely, here are four arguments that we'll hear and only four arguments. There's really no basis for doing that other than what I would say is a misinterpretation of their discretion. Well, why would that be? If there is a statute, but the court has discretion to waive it, as you need to argue that they do, why can't the court, in the exercise of that discretion, give guidance as to when that discretion would be appropriately exercised? Well, if they are mechanically applying the four rules, that is not the application of discretion. And there is no explanation below as to why they did what they did. Remember, we're on appeal because they said, we have no jurisdiction. We can't even think about this motion. And I'm submitting that at the conclusion of this appeal, we should remand with direction to exercise their discretion as to whether to entertain the motion. Now, we have some authority on this as well, don't we? I thought that this court had indicated that the rule is not jurisdictional, but that assuming there are exceptions, assuming that this is a claim processing rule, and assuming that it is not mandatory, that nevertheless, in a particular circumstance, or a couple of particular circumstances, the grounds proffered would be insufficient, even assuming there were exceptions. In other words, why can't we take a look at the reasons given and decide whether they would justify an exception to the rule, to the tax court's proffered set of reasons, or an exception to anything else? Your Honor, I believe because the decision as to whether to exercise discretion is largely fact-based, and that would generally be a decision that would be rendered in the first instance by the trial court. And there may very well be, and I would submit that there are, factual issues that are raised by our motion papers that would justify the court taking some testimony and figuring out exactly what the facts were, and then deciding whether to exercise their discretion. Why would there need to be, you're saying we should say there needs to be a hearing and evidence taken? Couldn't the court take a look at your papers and decide whether, even assuming the truth of everything in them, that there is no basis for making an exception here? Your Honor, I believe that the set of briefs that have been submitted by the parties create on their face factual records, factual questions, excuse me. And I'll give you an example. I mean, the commissioner has argued that, in sum and substance, I'm paraphrasing, but the petitioners discharged their counsel, and so they should bear the responsibility for whatever happened thereafter. However, we have raised numerous issues about why that happened. One, there was interplay between the criminal investigation, which terminated in this case, two, they are Ukrainian immigrants who really don't understand much and thought that everything was over when they saw an order that said lack of prosecution. And I had a third reason, which just escaped me. I'm very sorry, Your Honor. But there are factual matters that really should be addressed by the trial court in determining whether to exercise its discretion. And then, Your Honors, we'll have a good record, a full record. This is not a full record. This is an incomplete record to decide whether the commissioner, and this is assuming, of course, that the commissioner decides not to entertain our motion and not to grant our relief. Well, can I just ask a question? I mean, it seems to me that the tax code sets a date by which a notice of appeal has to be filed, right? That is correct. And so, I mean, hasn't the Supreme Court held that appeal filing deadlines are jurisdictional? Yes, but I'm not, we're not, this is not an appeal issue, Your Honor. And the court, the tax court itself has stated that even after the 90 days for appealing runs, they still will entertain motions for reconsideration if certain arguments are raised. So, in other words, by their own decision, and the decision in this case, the language of this decision, that is a tacit admission that they have jurisdiction. We are not appealing. We're asking the district court to reconsider. And I understand that. By that reasoning, it seems to me there would never be a need to enforce the appeal limit under the tax code, right? Because anybody who is 90 days late could just say, oh, I'm not appealing. I'm just going to move to vacate or for reconsideration. And then I'll get to appeal later if the court grants that request for additional time. Yes, Your Honor. But a litigant who did that tactically would sacrifice many rights for his or her client because that appeal would come up on a very, very different standard. That's not going to come, that appeal was right or wrong. You're going to get an appeal about whether the tax court abused its discretion in making the decision. That's a very different appeal. Yeah, you're saying this is like what we would face routinely or often in a rule 60 context. Yes. Where somebody makes a much belated motion on grounds of whatever newly discovered evidence or something. And the district court decides it, maybe denies it, the person appeals, and the only issue is whether the reconsideration decision was within the court's discretion. It doesn't bring up all the issues in the case. That is correct, unless the motion is granted and we're back in court and we got a case again. But the motion is denied, Your Honor, is absolutely correct. Very different standard. Okay. Judges, I see that I am over my time limit. I appreciate you giving me enough time. I have reserved a couple minutes for rebuttal and I'd like to preserve that. So at this point, I will step down. That's fine. We'll now hear from Mr. Schuman. Mr. Schuman, you've got 10 minutes. Thank you, Your Honor. This is John Schuman representing the Commissioner of Internal Revenue. Now, this case arises from the tax court where the taxpayers fired their attorney while the case was pending. Taxpayers did not hire another attorney. Instead, they completely ignored the tax court and the Commissioner's counsel for over a year. The tax court, after making many entreaties to them to prosecute their case, finally entered a final order dismissing the case for lack of prosecution. And then over eight months later, taxpayers filed an untimely motion to make it and the tax court correctly held that it did not have authority to grant their motion. And there was some discussion about whether there might be factual issues about any of these things, but actually they're not. And if all of the assertions that are made in the taxpayer's motion to vacate are considered true, it's still not enough. Can I ask you a question about whether the tax court has authority? So is it your view that the tax court does have authority if there was a clerical error or mutual mistake or fraud on the court? The exceptions that have been recognized by some of the tax courts. Yes, those exceptions can apply in appropriate circumstances where the tax court finds that there's good grounds for one of those exceptions. Okay, but why is it limited to those exceptions? Well, those are the ones that have been historically applied over decades in the tax court and in the Court of Appeals. It's not inconceivable that another exception could be created, but over all these decades, no court has seen fit to do so. And those four exceptions were the ones that the tax court considered. The taxpayers didn't ask that there be a fifth exception considered. What they were saying was that the tax court did have jurisdiction because the underlying dismissal was for lack of prosecution. That was their argument below. Now, it's a very different argument they're making now, of course, but that argument didn't carry any weight because there is no such distinction about the nature of the underlying dismissal by the tax court. It doesn't matter if it's for lack prosecution or for a lack of jurisdiction in either event. Excuse me, Mr. Sherman, isn't it at least, isn't Mr. Rothenberg at least technically correct? If there are exceptions, it's not a jurisdictional rule. If there are judge-made, judges can't give themselves jurisdiction that Congress has denied them by saying, but there are exceptions that could prevent injustice or something like that, right? Well, section 7481 of the code is jurisdictional in setting the finality of tax court decisions under a variety of different circumstances. And here it was final because 90 days have elapsed with no notice of appeal. Yeah, but if there are exceptions, how can the court create judge-made exceptions if that is a jurisdictional rule that after 90 days and you haven't filed an appeal, it's final, it's over, and the court has no power to do anything, period? Where do you get any exceptions if it is a jurisdictional rule? Well, of course, courts can interpret and construe federal statutes, whether they be statutes concerning jurisdiction or statutes on any other matter, and the commissioner has never argued with that proposition. So there can be exceptions to a jurisdictional statute, and it's a matter of the courts determining when and whether those exceptions are valid. But look, we could say, I suppose, as I think maybe the Sixth Circuit has said, that there are no exceptions. It's a 90-day rule, and if you don't appeal within 90 days, the tax court lacks jurisdiction to do anything. The case is over. That would be an easy jurisdictional rule. But you're not arguing that. It doesn't sound like it. Well, I don't think we need to argue that to win this case or to uphold the statute in this circumstance, Your Honor. And I think a good case to look at in that regard is this court's case in Senate 84, where the court did recognize that other courts had seen that there were exceptions to the general rule, but that none of them applied in that case, and therefore they didn't have to get into the particulars of each exception. And the same is true here, because there's no foundation for any of these exceptions to apply here. In ordinary civil litigation, there comes a time when a judgment is final, and usually what that means is that that's when the time to appeal starts to run. But it doesn't mean that the court lacks jurisdiction, at least until and unless there is an appeal which divests the trial court of jurisdiction and invests in us. But if no appeal is taken, Rule 60, for example, does provide opportunities to revisit a final judgment. Now, the tax court could be different. After all, as I believe you argue, finality here in this particular context has some interesting consequences, meaning that the IRS can start seizing assets and taking action unilaterally without getting further authority, I guess, from the court, right? So maybe there's something special about finality here, but I'm not sure. You know, the Supreme Court has been very careful in recent years in what you make of the fact that the rule speaks in terms of finality, not in terms of jurisdiction. Well, Your Honor, you are correct that there are big differences between finality in federal district courts versus finality in tax courts. And we cited the legislative history that undergirds that, in that there is a whole statutory scheme designed to let the IRS know when a tax court decision is final and therefore when the tax court can assess and collect tax. I mean, assessment and collection is the core mission of the IRS, and they have to know when a tax court decision is final. And that's why Section 7481 is so specific, and it does not have a correlating statute for federal district courts and the finality of those decisions. And you're right that the Supreme Court has expanded the concept of, or at least they've looked at jurisdictional matters a little differently as far as claims processing cases are concerned. Now, this is not a claims processing case. This is a finality case. Well, but you know, again, one of the consequences of saying something is jurisdictional would be something like this. Suppose the commissioner looked at Mr. Ruffenberg's papers or the taxpayers' papers here and said, you know, it's no big deal. Let's just waive the issue. We won't raise the lack of timeliness. We'll just go ahead and argue this on the merits, and that'll be fairer and easier. I'm not saying the commissioner should have said that. If the chose to do that in a particular case, if this is a jurisdictional rule, the commissioner would effectively lack that power because the court would be obliged sui sponte to consider jurisdiction. And that seems, you know, that's the consequence of saying a court has no jurisdiction, that a court must examine its jurisdiction. I would posit that maybe we should be careful about using that particular language because it constrains everyone. Well, your honor, the court still has jurisdiction to consider its own jurisdiction, and that's what the tax court did here. But I do agree with what the Sinema 84 court said in that if there are no exceptions to the rule, that the tax court does lack jurisdiction. Now, the taxpayers here have tax court to consider rule 60B for excusable neglect. However, there is no excusable neglect here. This was a conscious decision by the taxpayers to fire their attorney and to not hire another one simply because they didn't want to pay the money anymore. And so here, even if you had a tax court that was willing to consider 60B, there are no grounds for it. And in Sinema 84, this court said that it's within the tax court's discretion as to whether to consider 60B under these circumstances. And there's certainly no abuse of discretion here in that regard. The tax court was well grounded in refusing to consider their excusable neglect argument under 60B. All right. Well, hearing no further questions and seeing that the time is up, we'll move now to the rebuttal. But thank you, Mr. Shuman. Mr. Rothenberg, you've got two minutes. Thank you, your honor. I won't use the full two minutes. Council's argument, I respectfully submit, demonstrated exactly why there should be a remand for the tax court to make findings in the first instance. He said three things during his argument. First of all, the first thing out of his mouth was that we fired our attorneys. And that's correct. I would use the term discharged. But the second thing that he said was we ignored all the notices from the tax court. And then toward the end of his argument, he said we made a conscious decision. But the fact of the to exercise its discretion, it should allow a record to develop for the justification for all of those reasons. Well, excuse me, Mr. Rothenberg. We have much pro se litigation in our court, as all courts do. And pro se litigants are indulged in various ways appropriately. Their pleadings are construed liberally to raise whatever issues are good issues, even if they're putting it that way, not being lawyers and so on. But one fairly iron bound rule is that if you're taking the responsibility for litigation, you're supposed to monitor the join the meeting. And you're supposed to know that when the court says something happens or invites you to submit papers or something, you should do it and you're supposed to comply with the rule. So the fact that someone is pro se, even with limited language capacity, I think all Mr. Schuman is saying is stuff that is not really disputed, that there were notices that went out to the litigants. They bore a certain caption. They also bore a certain docket number. The caption that they bore related to the corporation that was the taxpayers corporation. It seems to me that one doesn't need to hear some explanation that says I was confused by this. You know, as a pro se litigant, you're supposed to respond to the court's notices. Your Honor, I understand that principle. But first of all, we had several years where the notices came to these taxpayers without their names on it. Secondly, we have taxpayers who are not conversant in English language at all. We could demonstrate at a record, in fact, that that's kind of risky, isn't it, to say we're going to take charge of a litigation in tax court and not have lawyers. But we don't understand anything about it. So we can't deal with things that come in. And if that ultimately leads to our case being dismissed, then we can get lawyers and start up all over again. No, I think, Your Honor, that from our perspective, what happened was there were parallel proceedings. We had criminal proceedings. We had civil proceedings. The criminal proceedings concluded. And then they get a notice, the first notice that they have had in several years. And I think it may be as many as five years, the first notice. And it says lack of prosecution. So here you have pro se litigants who know that the criminal investigation is over. They get an order that says lack of prosecution, and they misunderstand it. And I respectfully submit, listen, if we're going to consider Rule 60 and excusable neglect, then excusable neglect should be developed on the facts pertinent to these particular litigants and this particular case. And I do respectfully submit that these petitioners have grounds for equitable tolling or whether you want to call it excusable neglect. We have a basis and we should be given the opportunity to develop that record and then let the tax court decide. If the tax court wants to decide in the face of all that evidence, tough luck, you're out of luck. And we're not going to let you contest this multimillion dollar deficiency where you have an excellent defense. That's our decision. Okay. And then we'll come up here again on an abuse of discretion argument. I'm sorry, Mr. Rothenberg, but it sounds like what you're saying is that we should issue an opinion, I think, that says excusable neglect is an additional exception to this rule, which the tax court has never yet recognized, right? I'm not saying that. I'm saying that it should be remanded for the court to exercise its discretion in general. And one of... Answer my question. Has the tax court or any court ever said that excusable neglect would be an exception to the rule with respect to making a motion to vacate, Mike? I do not believe they have said that. But if they are mechanistically saying these are the grounds and we will look at no other grounds, I would submit that that is not the exercise of discretion. But this is not the record on which your honors should decide that. Your honors should decide that based on a record after they have exercised their discretion. And then they can explain to you why they're not going to consider Rule 60. And then you'll have a basis for making that decision. All right. Okay. Well, we have your arguments. Thank you very much, both of you. We will reserve decision.